# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOHN DOE,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.

Case No. 22-cv-3421

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff files this Motion requesting leave to file the following documents under seal: (1) Exhibits 1 to the Complaint, which is the Certificate of Registration for Plaintiff's trademark asserted in this action; (2) Plaintiff's Amended Complaint, and the accompanying exhibits, which include additional allegations reflecting the Parties' identities, the disclosure of which would compromise the confidentiality of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery ("Plaintiff's TRO Motion"); (3) Schedule A attached to the Complaint and Amended Complaint, which constitutes a list of the Defendant Online Marketplace Accounts; (4) Plaintiff's TRO Motion, and accompanying supporting memorandum, declaration, and exhibits, which include screenshot printouts showing the infringing Defendant Internet Stores as well as information regarding Plaintiff and Plaintiff's pertinent products; and (5) Plaintiff's Local Rule 3.4 Notice of Claim involving a Trademark, which contains Plaintiff's identity and the trademarks asserted in this action.

In this action, Plaintiff is requesting temporary *ex parte* relief based on an action asserting trademark infringement. Sealing of the files is necessary to prevent Defendants from learning of these proceedings prior to execution of the temporary restraining order.

If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence, the hiding of assets and/or transferring of assets to foreign jurisdictions, and the refusal of Defendants to participate in the case. Such maneuvering would frustrate the purpose of the underlying law and would interfere with, and likely entirely undermine, Plaintiff's ability to secure relief.

Dated: June 30, 2022        Respectfully submitted,

/S/BRANDON BEYMER
BRANDON BEYMER (ARDC No. 6332454)
DALIAH SAPER (ARDC No. 6283932)
SAPER LAW OFFICES, LLC
505 N. LASALLE, SUITE 60654
CHICAGO, ILLINOIS 60654
(312) 527-4100
BRANDON@SAPERLAW.COM
DS@SAPERLAW.COM

ATTORNEYS FOR PLAINTIFF