**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 22-cv-3421<br><br>**Judge Mary M. Rowland**<br><br>**Magistrate Judge Sheila M. Finnegan** |

## AGREED MOTION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff and Defendants No. 597 "Daciye LLC," No. 601 "BIOSA LLC," No. 602 "Toutek," No. 606 "Everpert," and No. 615 "Mumaoyi INC" ("Defendants"), acting through counsel, hereby agree to and move this Court for entry of the Consent Judgment attached hereto.

Date: September 30, 2022

/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. Lasalle, Suite 60654
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com
brandon@saperlaw.com

Attorneys for Plaintiff

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com
Ph: (312) 715-7312
Fax: (312) 646-2501

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>              Defendants. | Case No. 22-cv-3421<br><br>**Judge Mary M. Rowland**<br><br>**Magistrate Judge Sheila M. Finnegan** |

## CONSENT JUDGMENT

This action having been commenced by Plaintiff Eden 3000, Inc. ("Plaintiff") against Defendants No. 597 "Daciye LLC," No. 601 "BIOSA LLC," No. 602 "Toutek," No. 606 "Everpert," and No. 615 "Mumaoyi INC" ("Defendants"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have used infringing and counterfeit versions of the Snore Stopper Trademark (collectively, the "Unauthorized Snore Stopper Products") to residents of Illinois. The SNORE STOPPER Trademark is included in the below chart.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| 3043035 | SNORE STOPPER | 010 |

THIS COURT FURTHER FINDS that Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that:

1. Defendants, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using the SNORE STOPPER Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Snore Stopper product or not authorized by Plaintiff to be sold in connection with the SNORE STOPPER Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Snore Stopper product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the SNORE STOPPER Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized Snore Stopper Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the SNORE STOPPER Trademark; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

       inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the SNORE STOPPER Trademark.

2. Pursuant to the parties' settlement agreement, Defendant shall pay Plaintiff four thousand five hundred dollars ($4,500) in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [ECF 20] and Preliminary Injunction Order [ECF 38].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

                              IT IS SO ORDERED:

Dated: _____

                              _____
                              Mary M. Rowland
                              United States District Judge